IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02714-WDM-BNB

DAWN-RENE POHL and
MICHAEL-ROBERT POHL,

    Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, INC. and
CASTLE MEINHOLD & STARIARSKI, LLC., and

    Defendants.

## ORDER

Miller, J.

On December 28, 2007 Plaintiffs filed this action alleging fraud and collusion in a foreclosure action (Docket No. 1). In this Order, I address federal subject matter jurisdiction.[1] Plaintiffs allege jurisdiction pursuant to the First Amendment, diversity of citizenship, the Declaratory Judgment Act, and the Civil Rights Act. None of these confer jurisdiction on this Court to hear Plaintiffs' claims. Therefore, Plaintiffs complaint

---

[1] "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 514 (2006)); *Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982) ("Any federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding, and the court is not bound by the acts or pleadings of the parties." (citations omitted)).

shall be dismissed in its entirety.

Plaintiffs first allege that jurisdiction is proper under the "Redress of Grievance Clause" of the First Amendment. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." However, "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Therefore, the First Amendment by itself cannot confer jurisdiction on this Court to hear Plaintiffs' claims.

Plaintiffs also claim diversity jurisdiction. Pursuant to Article III of the Constitution, Congress vested jurisdiction in the federal courts "over controversies between citizens of different states." *Gadlin v. Sybron Int'l Corp.*, 333 F.3d 797, 799 (10th Cir. 2000). The diversity statute provides for jurisdiction when the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Since its enactment, the courts have consistently interpreted [the diversity statute] to require complete diversity. . . ." *Gadlin*, 333 F.3d at 799. Complete diversity means that "there is no plaintiff and no defendant who are citizens of the same state."[2] *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

---

[2] For individuals, "for purposes of diversity jurisdiction . . . state citizenship is the equivalent of domicile." *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). "[A] corporation shall be deemed to be a citizen of any State by which it has been

According to the complaint, both plaintiffs are domiciled in Colorado and, therefore, citizens of Colorado. The complaint also states that Defendant Countrywide Home Loans (Countrywide) is a citizen of Texas and Defendant Castle Meinhold & Stariarski, LLC (Castle) is a citizen of Colorado. As Defendant Castle is a citizen of the same state as Plaintiffs, there is not complete diversity and, therefore, the diversity statute is not satisfied.

Plaintiffs next claim jurisdiction pursuant to the Declaratory Judgment Act. However, even though Plaintiffs request declaratory judgment in their claim for relief, the Declaratory Judgment Act does not confer jurisdiction on this Court. These statutes only create declaratory judgment as a remedy for cases "of actual controversy within [the court's] jurisdiction." 28 U.S.C. § 2201(a). Therefore, jurisdiction must be proper pursuant to another statute to bring a declaratory judgment action in federal court.

Finally, Plaintiffs claim jurisdiction pursuant to 28 U.S.C. § 1343(a)(1). This statute confers original jurisdiction on the federal courts for cases commenced "to recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any at done in furtherance of any conspiracy mentioned in" 42 U.S.C. § 1985. The only subsection of section 1985 that could potentially pertain to this case is subsection three.[3] Subsection three

---

incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

[3] Subsection one pertains to a conspiracy to prevent an officer of the United States from performing his duties and subsection two pertains to a conspiracy to intimidate a party, witness, or juror in a matter pending before a court of the United States or other obstruction of justice. 42 U.S.C. § 1985(1)–(2).

pertains to conspiracies to deprive someone of the equal protection of the laws. *Id.*

Although generally when the merits of the case are intertwined with the determination of subject matter jurisdiction, the court should rule "on the merits rather than dismiss for lack of jurisdiction." *Tilton v. Richardson*, 6 F/3d 683, 685 (10th Cir. 1993). However, this rule does not apply when subject matter jurisdiction does not exist because "(1) the alleged claim wasthe clearly immaterial and asserted solely for the purpose of obtaining jurisdiction, or (2) the alleged claim was insubstantial and wholly frivolous." *Id.* In this case, it is appropriate to dismiss for lack of subject matter jurisdiction because the claim of jurisdiction under sections 1343(a)(1) and 1985(3) is wholly frivolous—there is no indication in the complaint that Plaintiffs were deprived of a right protected by section 1985(3).

To assert a claim under 1985(3) there must be "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Id.* at 686. Section 1985(3), however, only applies to "conspiracies 'aimed at interfering with rights that are protected against private, as well as official, encroachment.'" *Id.* (quoting *United Bhd. Of Carpenters & Joiners of Am., Local 610m, AFL-CIO v. Scott*, 436 U.S. 825, 833 (1983)). "The Supreme Court has recognized only 'the Thirteenth Amendment right to be free from involuntary servitude, and, in the same Thirteenth Amendment context, the right of interstate travel'" as rights protected against private encroachment. *Id.* (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993)). Therefore, as Plaintiffs' claims do not regard the right to interstate travel or the

right against involuntary servitude, jurisdiction is not proper pursuant to sections 1343(a)(1) and 1985(3).

Accordingly, it is ordered:

1. Plaintiffs' complaint in its entirety is dismissed for lack of jurisdiction.

DATED at Denver, Colorado, on January 9, 2008.
BY THE COURT:


s/ Walker D. Miller
United States District Judge