IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02714-WDM-BNB

DAWN-RENE POHL and
MICHAEL-ROBERT POHL,

      Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, INC. and
CASTLE MEINHOLD & STARIARSKI, LLC., and

      Defendants.

---

## ORDER

---

Miller, J.

      This matter is before me on Plaintiffs' Writ of Review In Regards to Case

Dismissal (Docket No. 4) which seeks amendment of my Order dismissing the case

*sua sponte* for lack of subject matter jurisdiction (Docket No. 2).  As Plaintiffs request

an amended judgment and did not file the motion within ten days of my Order, I

construe this as a motion for relief from a judgment or order pursuant to Fed. R. Civ.

P. 60(b).[1]  For the reasons that follow, the motion for relief from judgment shall be

---

[1] "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'  Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Fed. R. Civ. P. 59(e) will govern only when the motion for reconsideration is filed within ten days of the judgment.  *Id.*

PDF Final

granted.

Background

Plaintiffs brought this action against Defendants on December 28, 2007 alleging that Defendants deprived them of their personal property via fraud and collusion. Acting *sua sponte*, I dismissed the case on January 9, 2008 for lack of subject matter jurisdiction. Plaintiffs claimed this Court had diversity jurisdiction.[2] However, both Plaintiffs and Defendant Castle Meinhold & Stariarski, LLC (Castle) were citizens of Colorado for purposes of diversity jurisdiction. Therefore, as there was not complete diversity, I dismissed the case.[3]

Discussion

Plaintiffs move for relief from judgment because they were not given an opportunity to amend their pleadings prior to their case being dismissed in its entirety. They argue that they can remedy the jurisdictional issue by dismissing Defendant Castle from the case, thereby achieving complete diversity. Plaintiffs contend that because they are *pro se* they should have been given leave to amend

---

[2] The complaint alleged a number of grounds for jurisdiction, none of which actually vested this Court with jurisdiction. This motion, however, deals only with my determination that this Court did not have diversity jurisdiction.

[3] Pursuant to Article III of the Constitution, Congress vested jurisdiction in the federal courts "over controversies between citizens of different states." *Gadlin v. Sybron Int'l Corp.*, 333 F.3d 797, 799 (10th Cir. 2000). The diversity statute provides for jurisdiction when the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Since its enactment, the courts have consistently interpreted [the diversity statute] to require complete diversity. . . ." *Gadlin*, 333 F.3d at 799. Complete diversity means that "there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

their complaint to remedy any defect prior to dismissal or should be given such leave now.

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citing *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Id.* at 1243–44. The six grounds for relief are:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The relief sought in this case falls under category 6—"any other reason that justifies relief." I conclude that I will exercise my discretion in this case to allow Plaintiffs one week to amend their complaint such that complete diversity exists.

Although the Tenth Circuit does not require *pro se* plaintiffs be given leave to

amend prior to dismissal of a case for lack of subject matter jurisdiction, it does require that *pro se* litigants' pleadings be held to a less stringent standard.[4]  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  Furthermore, "it is well settled that nondiverse parties may be dismissed in order to preserve diversity jurisdiction."  *Tuck v. U.S. Auto. Ass'n*, 859 F.2d 842, 845 (10th Cir. 1988) (allowing dismissal of a nondiverse party after lack of complete diversity jurisdiction was discovered after trial on appeal); *accord Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1369 (10th Cir. 1982) ("There is sound authority for the proposition that a non-diverse party whose presence is not essential under [Fed. R. Civ. P. 19] may be dropped to achieve diversity between the plaintiffs and the defendants.").  Therefore, as Plaintiffs were not provided with notice prior to dismissal nor given an opportunity to amend their complaint and remedy the jurisdictional defect, I will allow Plaintiffs time to amend their complaint so that jurisdiction is proper.

Accordingly, it is ordered:

1. Plaintiffs' Writ of Review in Regards to Case Dismissal (Docket No. 4) is granted.

2. The Order dated January 9, 2008 (Docket No. 2) dismissing the case for lack of subject matter jurisdiction is amended to allow Plaintiffs ten days to amend

---

[4]  I do note, however, that *pro se* litigants are not excused from complying with the procedural rules.  *Murray v. City of Tahlequah*, 312 F.3d 1196, 1200 n.3 (10th Cir. ) ("Although we liberally construe pro se pleadings, [the party's] pro se status does not relieve him of the obligation to comply with procedural rules.").  Nor are courts to act as advocates for *pro se* parties.  *Hall*, 935 F.2d at 1110 ("[I]t is not the proper function of the district court to assume the role of advocate for the pro se litigant.").

their complaint to properly plead diversity.

3.     Plaintiffs shall have until Monday, March 17, 2008 to amend their complaint.

       If they fail to do so, then the case is dismissed in its entirety without prejudice.

DATED at Denver, Colorado, on March 6, 2008.

                                        BY THE COURT:

                                        s/ Walker D. Miller

                                        United States District Judge