IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02714-PAB-BNB

DAWN-RENE POHL, and
MICHAEL ROBERT POHL,

Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, INC.,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises in connection with my Order to Show Cause dated February 12, 2009 [Doc. #15]. On May 21, 2008, I issued a Minute Order [Doc. #11] directing the plaintiffs to respond, on or before June 16, 2008, to the defendant's Motion to Dismiss or for Summary Judgment. The Minute Order was mailed to the plaintiffs at their addresses of record in Keenesburg, Colorado. The plaintiffs did not respond. On October 22, 2008, a memorandum reassigning the case to a different district judge [Doc. #12] was sent to each of the plaintiffs at their addresses of record. The envelopes were returned, marked as "not deliverable as addressed" and "unable to forward." [Docs. #13 and #14.]

As a result of these events, I ordered the plaintiffs to show cause in writing and on or before February 25, 2009, why the Amended Complaint and this action should not be dismissed for failure to keep the Court informed of their current addresses in violation of D.C.COLO.LCivR 10.1M, and for failure to prosecute in violation of D.C.COLO.LCivR 41.1. I warned the plaintiffs that their failure to respond to the Order to Show Cause on or before

February 25, 2009, would result in my recommendation that the Amended Complaint and this action be dismissed. The plaintiffs did not respond to the Order to Show Cause, and the envelope containing the Order to Show Cause was returned as undeliverable. [Doc. #16.]

The plaintiffs' last filing in this case--an Amended Complaint--was received on March 19, 2008. The Court has not received a notice of change of address from the plaintiffs as required by D.C.COLO.LCivR 10.1M, and has had no other contact with them since March 19, 2008. It appears that the plaintiffs have lost contact with the Court, lost interest in this case, or both.

Local rule of practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

I respectfully RECOMMEND that the Amended Complaint and this action be DISMISSED due to the plaintiffs' failure to keep the Court informed of their current addresses in violation of D.C.COLO.LCivR 10.1M and failure to prosecute in violation of D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

    Dated February 26, 2009.

                                  BY THE COURT:

                                  s/ Boyd N. Boland
                                  United States Magistrate Judge